**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Daryl Allen,

    Petitioner,

    v.                                                Case No. 1:05cv731

Ernie Moore,                                  Judge Michael R. Barrett

    Defendant.

**ORDER**

Before the Court is the November 22, 2006 Magistrate Judge's Report and Recommendation ("R&R") (Doc. 13) regarding Petitioner's Motion "to hold proceedings in abeyance pending exhaustion of state remedies," Respondent's Response in Opposition, and Petitioner's reply thereto. (Docs. 9, 11, 12) The Magistrate Judge also considered the petition for writ of habeas corpus (Doc. 3), Respondent's Return of Writ with exhibits (Doc. 7), and Petitioner's "traverse" in reply to the Return of Writ (Doc. 8).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 16)

**I.**     **FACTUAL BACKGROUND**

On January 24, 2003, a grand jury issued a sixteen count indictment against Petitioner charging him with eight counts of aggravated robbery with firearm specifications and eight counts of robbery. (Doc. 7, Ex. A) The charges were based upon seven

incidents occurring in small convenience stores and another incident in the law offices of attorney Bruce Hust. (Id., Exs. A, E) On February 13, 2003, a second indictment was issued, charging Petitioner with one count of aggravated robbery with firearm; two counts of robbery; and one count of felonious assault with firearm specifications. (Id., Ex. B) These charges stemmed from incidents involving victims Cheryl Clevenger and Mary Smith. (Id., Exs. A, E)

It appears that the two indictments were consolidated for jury trial after Petitioner entered guilty pleas to seven aggravated robbery counts, stemming from the incidents that occurred in the convenience stores, in exchange for dismissal of the firearm specifications and corollary robbery charges as well as the imposition of prison sentences totaling fifteen years on the seven counts. (Id., Ex. E) After a jury trial, Petitioner was convicted on all counts, but acquitted on the one-year firearm specifications; and the remaining three-year firearm specifications were dismissed because the jury was unable to reach a verdict on them. (Id., Exs. C-D; Ex. E)

On August 5, 2003, the trial court sentenced petitioner in both criminal cases. Petitioner was sentenced to consecutive three-year terms of imprisonment on six of the aggravated robbery charges, which resulted in a "total sentence of eighteen (18) years in the Department of Corrections." (Id., Ex. C) Petitioner was sentenced to consecutive terms of imprisonment of three years on the aggravated robbery charge and six years on the felonious assault charge stemming from the incident involving victim Clevenger. Petitioner was further sentenced to an additional consecutive three year prison term on the robbery charge involving victim Smith, for a total of twelve (12) years in prison. (Id., Ex. D; Ex. E) The sentences imposed in the two criminal cases were to be served consecutively

to one another, which resulted in an aggregate prison sentence of thirty years. (Id., Exs. C-D, E).

With the assistance of new counsel, Petitioner timely appealed to the Ohio Court of Appeals. (Id., Ex. E). Petitioner claimed that: (1) the trial court erred in consolidating the indictments for trial; (2) the firearm specifications should have been dismissed prior to closing argument due to insufficient evidence; (3) he was denied a fair trial as a result of prosecutorial misconduct in closing argument; (4) the trial court erred in denying his motion for judgment of acquittal; (5) the evidence was insufficient to support his convictions on the charges that proceeded to trial; (6) the judgments of conviction were against the manifest weight of the evidence; and (7) the trial court erred when it *sua sponte* amended the indictments after the jury verdicts. (Id.)

On September 15, 2004, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (Id., Ex. G) Petitioner did not perfect a timely appeal to the Ohio Supreme Court. Four days before the 45-day appeal period was due to expire, the Clerk of the Ohio Supreme Court received a notice of appeal filed *pro se* by petitioner. (Id., Ex. H; Doc. 8, Ex. A) Petitioner explains that the documents he timely submitted for filing were returned to him for correction of "minor technical 'deficiencies' " after the deadline for filing a timely appeal had passed.

On November 12, 2004, petitioner filed a motion for delayed appeal to the Ohio Supreme Court. (Doc. 7, Exs. H, J). Petitioner claimed that he did not receive a copy of the Court of Appeals' decision until September 24, 2004, which "[took] away the allotted time to file a[n] . . . appeal" to the Ohio Supreme Court; it "require[d] time to seek advi[c]e from the [prison] law library," where access was limited, before he could pursue an appeal

to the Ohio Supreme Court; and he did not want to forfeit the opportunity to appeal "due to [his] ignorance of law or its process." (Id., Ex. H) Petitioner indicated that if he were granted a delayed appeal, he would raise essentially the same claims that he had asserted as assignments of error on direct appeal. (Id.) On December 29, 2004, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the case without opinion. (Id., Ex. I)

## II. MAGISTRATE JUDGE'S R&R

The Magistrate Judge found that Petitioner's Motion for Stay and Abeyance should be denied. The Magistrate Judge noted that Petitioner has not alleged that the sentence imposed by the trial court violated his constitutional rights under the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). The Magistrate Judge explained that even if petitioner had alleged a *Blakely* violation, this Court would not recommend a stay and abeyance based on the non-exhaustion of such claim. The Magistrate Judge explained that although the Ohio Supreme Court held that in light of *Blakely*, Ohio's sentencing laws violate the Sixth Amendment, that decision extends only to cases that were still "pending on direct review." *State v. Foster*, 845 N.E.2d 470, 499 (Ohio). The Magistrate Judge also explained that the Sixth Circuit has held that *Blakely* and its progeny do not apply retroactively in collateral proceedings after a conviction has become final on direct appeal. The Magistrate Judge concluded that because Petitioner's direct appeal concluded nearly one and one-half years before *Foster* was decided, and because *Blakely* may not be applied retroactively in this federal habeas proceeding or any other collateral review proceeding that Petitioner may now attempt to bring, a stay for such a "plainly meritless" claim would not be appropriate.

Next, the Magistrate Judge concluded that the petition should be dismissed with prejudice because Petitioner has waived all of his grounds for relief due to his state procedural default. The Magistrate Judge explained that Petitioner attempted a timely appeal to the Ohio Supreme Court, but failed to comply with certain filing requirements. The Magistrate Judge found that the Clerk of the Ohio Supreme Court clearly and expressly relied on petitioner's failure to comply with the court's procedural rules governing the filing of appeal documents. The Magistrate Judge noted that the Clerk's refusal to file Petitioner's appeal and return of the documents for correction of the "defect" in filing were in accordance with a well-established and regularly-followed practice. The Magistrate Judge also noted that even though Petitioner attempted to obtain a delayed appeal, the Sixth Circuit has held in an analogous case that the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal "constitutes a procedural ruling sufficient to bar federal court review of [a] habeas corpus petition." *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir.) (per curiam), *cert. denied*, 543 U.S. 989 (2004).

The Magistrate Judge concluded that Petitioner has not demonstrated a fundamental miscarriage of justice will occur if his procedurally-defaulted claims are not considered.

The Magistrate Judge also concluded that Petitioner has not established "cause" for his procedural defaults in the state courts. The Magistrate Judge rejected Petitioner's argument that the "cause" of his delay was because he belatedly received the Ohio Court of Appeals September 15, 2004 entry affirming his conviction. The Magistrate Judge noted that according to Petitioner, he received the entry on September 24, 2004, which would have given him plenty of time to file a notice of appeal and motion for leave to appeal

before the expiration of the 45-day appeal period on October 30, 2004.  The Magistrate Judge also rejected Plaintiff's argument that the "cause" of his delay was because he had limited access to the prison library and he was "ignoran[t] of the law or its process."  The Magistrate Judge explained that the Sixth Circuit has specifically rejected such arguments as "cause."  Finally, the Magistrate Judge rejected Plaintiff's argument that he was prevented from filing a timely appeal because the Clerk of the Ohio Supreme Court did not return his defective pleadings until after the 45-day appeal period had expired.  The Magistrate Judge noted that it appeared from the documents in the record that the defective documents were returned to petitioner soon after their receipt by the Clerk of Court, which was only four days before the expiration of the appeal period.  The Magistrate Judge concluded that Petitioner's inability to perfect a timely appeal was not attributable to the State, but rather to Petitioner's own failure to comply with the filing requirements explicitly set forth in the state supreme court's procedural rules, as well as the fact that petitioner waited until near the end of the 45-day appeal period to mail the documents.

### III.  ANALYSIS

In his objections, Petitioner argues that the date of service of the refiling of the notice of appeal should be October 20, 2004, the date of original service, even upon re-filing.  Petitioner explains that the notice of appeal service date did not change simply because it was re-served.

The Sixth Circuit has held that an application for post-conviction relief is " 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, *e.g.*, requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon

its delivery." *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003), *quoting Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001), *cert. denied*, 535 U.S. 1088 (2002). If the Ohio Supreme Court found Petitioner's appeal documents deficient, principles of comity require this Court to defer to a state's judgment on issues of state law and, more particularly, on issues of state procedural law. *Israfil*, *citing Engle v. Isaac*, 456 U.S. 107, 128-29 (1982) and *Murray v. Carrier*, 477 U.S. 478, 491 (1986). Therefore, this Court will not reconsider whether Petitioner's appeal was properly filed or untimely.

Petitioner also argues that if the stay and abeyance is not granted, he will be required to file a second habeas petition with a claim based upon *State v. Foster*, 845 N.E.2d 470, 499 (Ohio), which was not available at the time of filing of the initial petition.

The Court agrees with the Magistrate Judge's finding that Petitioner cannot rely upon a retroactive application of *Foster*. In *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), the Ohio Supreme Court excised the unconstitutional provisions of its sentencing statutes in accordance with the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). However, the Ohio Supreme Court stated that its holding only applies to those cases pending upon direct review. 845 N.E.2d at 499. *Foster* was decided on February 27, 2006. Since Petitioner's direct appeal was not pending at that time, *Foster* is not applicable.

The Court also agrees with the Magistrate Judge's finding that a stay and abeyance is not appropriate for any claim Petitioner may have under *Blakely*. As the Magistrate Judge noted, Petitioner has not made a claim under *Blakely* in his petition, but even if Petitioner was permitted to amend his petition, a stay and abeyance would not be appropriate.

The Supreme Court has instructed that "a stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). The Supreme Court has also explained that stay is never appropriate where the "unexhausted claims are plainly meritless." *Id.*

Petitioner has not argued that there was "good cause" for his failure to exhaust his *Blakely* claim. *Blakely* was decided on June 24, 2004. The Ohio Court of Appeals affirmed the trial court's judgment on September 15, 2004, petitioner filed a motion for delayed appeal on November 12, 2004, and the Ohio Supreme Court denied petitioner's motion for delayed appeal December 29, 2004. However, at no point did Petitioner attempt to raise a *Blakely* claim. Therefore, it appears that Petitioner procedurally defaulted his *Blakely* claim. *Accord Taylor v. Warden, Lebanon Correctional Institution*, 2005 WL 2619850, *5 (S.D. Ohio Sept. 12, 2006) (unpublished). As a consequence, even if Petitioner was able to establish good cause, the Court finds that Petitioner has not shown that his *Blakely* claim is potentially meritorious, but for a different reason than stated by the Magistrate Judge.[1]

If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he

---

[1] The Magistrate Judge recognized that in *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005), the Sixth Circuit held that *Blakely* may not be applied retroactively, and therefore a stay for such a "plainly meritless" claim would not be appropriate. However, Petitioner's direct appeal was not final on June 24, 2006 when *Blakely* was decided. *See Beard v. Banks*, 542 U.S. 406, 411 (2004) ("State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.'"), *quoting Caspari v. Bohlen*, 510 U.S. 383, 390 (1994).

can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

Petitioner makes several arguments regarding procedural default. First, Petitioner argues that he did in fact submit his petition in a timely manner. Second, Petitioner argues that even if the petition was in the wrong format, that is not grounds for a procedural default. Third, Petitioner argues that his appeal period was partially eroded by the failure of the appeals court clerk to timely serve the judgment on him. Petitioner explains that this delay, combined with the sporadic and extremely limited access to the law library, interfered with "his ability to comb through the convoluted rules of the Supreme Court with the requisite fine tooth comb to make sure that he fulfilled the archaic and intricate procedural requirements to request a discretionary appeal." Fourth, Petitioner explains that the minor inadequacies in his petition in no way implicated the fair presentment requirement under 28 U.S.C. § 2254. Finally, Petitioner argues that even if the procedural requirements are "clearly spelled out in the rules," he was denied meaningful and timely access to those rules.

The Court finds that the Magistrate Judge addressed the first three of Petitioner's arguments, and there is error in the Magistrate Judge's R&R on these points. As to Petitioner's fourth and fifth argument, a petitioner must exhaust his state court remedies prior to seeking federal habeas relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254. However, as the Magistrate Judge explained, Petitioner procedurally defaulted his claims. In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is

precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). The Court finds that there is no error in the Magistrate Judge's findings under the above analysis that there was no cause for Petitioner not to follow the procedural rule.

In addition to the above arguments, Petitioner takes issue with the Magistrate Judge's recommendation that an appeal of any Order adopting the R&R would not be taken in "good faith," and Petitioner should be denied leave to appeal in *forma pauperis*.

An appeal may be taken in *forma pauperis* if it is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id*. The Court finds that Petitioner's claims do not meet the good faith standard because Petitioner is barred on procedural grounds from bringing his

claims.

## IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's Report and Recommendation. Accordingly, the November 22, 2006 Magistrate Judge's Report and Recommendation (Doc. 13) is hereby **ADOPTED**. The Court hereby orders as follows:

1. Petitioner's motion "to hold proceedings in abeyance pending exhaustion of state remedies" (Doc. 9) be **DENIED**.

2. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DENIED** with prejudice.

3. A certificate of appealability should not issue with respect to petitioner's claims for relief, which this Court has concluded are waived and thus barred from review on procedural grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural rulings" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[2]

4. With respect to any application by petitioner to proceed on appeal in *forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal in *forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

5. This matter shall be **CLOSED** and stricken from the Court's docket.

**IT IS SO ORDERED.**

        */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[2] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.